UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN ROBERT MALVICK,

        Plaintiff,

        v.                                  Case No. 22-cv-0625-bhl

LANGLADE COUNTY JAIL and
DISTRICT ATTORNEY GEBERT,

        Defendants.

## SCREENING ORDER

    Plaintiff Kevin Robert Malvick, who is currently incarcerated at the Langlade County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On May 26, 2022, Malvick paid the $402 civil case filing fee. This matter comes before the Court to screen the complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE COMPLAINT

    The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must

be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Malvick asserts that on June 15, 2021, he was injured by a police officer who "put his shoulder into [his] ribs and knocked [him] to the ground . . . ." Malvick alleges that the ribs on his left side were broken and his right shoulder was hurt. According to Malvick, the next day he complained to the nurse at the jail that he was in a lot of pain, but the nurse refused to help him. On June 17, 2021, Malvick was allegedly evaluated by the nurse, at which time Malvick explained that he has diabetes, bad knees, a bad right foot, broken ribs, and a shoulder injury. Malvick asserts that the nurse refused his request for his diabetic shoes and told him that there was nothing he could do to help him. Malvick states that no one contacted his doctor about the severity of his conditions. Dkt. No. 1 at 2.

A few months later, on September 3, 2021, Malvick was allegedly segregated because his foot had become badly bruised and infected as a result of wearing plastic sandals every day. He asserts that his requests to go to the hospital were denied, but he was prescribed antibiotics. About a week later, allegedly at his father's prompting, Malvick was taken to the emergency room. Malvick explains that by that time his foot was very swollen. At the emergency room, doctors "opened" his foot and "let the puss drain for hours." Malvick explains that he was given more antibiotics and sent back to the jail. Malvick asserts that the jail refused to take him to his foot surgeon, but he was taken to a local foot and ankle clinic three times "for a simple bandage change that cost [him] hundreds of dollars for absolutely nothing." Dkt. No. 1 at 3.

Next, Malvick explains that, on November 25, 2021, his knee gave out and he fell and broke his right ring finger. Malvick asserts that the jail x-rayed the finger to confirm it was broken and then scheduled him to see a doctor to fix it, but, on December 2, the nurse informed him the appointment had been canceled. Malvick alleges that he now has a limp finger that does not move and will have to be surgically fixed. Dkt. No. 1 at 3-4.

Malvick also asserts that he should have had knee replacement surgery by now. He states that the nurse initially told him he would have to have knee replacement surgery after his release, but a few days later, Defendant District Attorney Gebert allegedly stated that the County would pay for the surgery. Malvick asserts that he has his own knee surgeon and foot surgeon and that he is "not having knee replacement while sitting in a jail cell anyway." Dkt. No. 1 at 4.

Finally, Malvick states that Gebert is corrupt and has lied about how he treated his girlfriend. He states that the judge refused to lower his bond amount because of her lies. He also asserts that he knows his mail from the federal court was opened outside his presence because she knew about the contents of a letter the court sent to him.

3

# THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Malvick names the Langlade County Jail as a Defendant, but the jail cannot be sued. Section 1983 allows a plaintiff to sue a "person" who violates his constitutional rights under color of state law, and a jail is not a "person." The Supreme Court has held that there are some circumstances in which municipalities or local government units can be considered "persons" and sued under §1983, *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but a jail is not legal entity separate from the county government it serves. *See Miranda v. Milwaukee County Jail Facility*, No. 19-C-582, 2019 WL 2359396, at *2 (E.D. Wis. June 4, 2019) (citing *Whiting v. Marathon County Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004)).

Malvick names District Attorney Gebert as the only other Defendant. He alleges that she is corrupt because she falsely charged him with violence toward his girlfriend, which resulted in the judge refusing to lower his bond amount. Malvick cannot pursue a claim against Gebert on this basis because she is entitled to absolute immunity "from suits for monetary damages under §1983 for conduct that is 'intimately associated with the judicial phase of the criminal process.'" *Smith v. Power*, 346 F. 3d 740, 742 (7th Cir. 2003); *Brunson v. Marray*, 843 F.3d 698, 705 (7th Cir. 2016) (explaining that prosecutors are absolutely immune for signing charging document and initiating a prosecution). Accordingly, because Malvick cannot sue the jail or Gebert, his complaint must be dismissed.

4

It appears that Malvick also desires to pursue claims relating to the medical treatment he has received (or not received) for various conditions, including injuries to his ribs and shoulder, an infected foot, a broken finger, and knee pain. Because Malvick was a pretrial detainee at the relevant time, to state a claim he must allege facts from which the Court can reasonably infer that "(1) he had an objectively serious medical condition; and (2) the defendants' response to the medical condition was objectively unreasonable." *Williams v. Ortiz*, 937 F.3d 936, 942-43 (7th Cir. 2019). Further, a defendant is liable for damages under §1983 only if he was personally responsible for the deprivation of a constitutional right, which means that the deprivation occurred at the defendant's direction or with his knowledge and consent. *See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019).

Is not clear from Malvick's complaint who is responsible for the allegedly unreasonable care. He references a nurse, but he does not include the nurse's name, nor does he clarify if he has interacted with more than one nurse. Accordingly, the Court will allow Malvick an opportunity to file an amended complaint that names a proper defendant and includes factual allegations supporting an inference that the responses to his medical conditions were objectively unreasonable. If Malvick does not know the name of the nurse(s), he may use a John Doe placeholder. In other words, he can assert the claims against the unknown nurse, describing him or her as "John Doe" or "Jane Doe" until he learns the person's name. If the Court concludes he states a claim against a Doe Defendant, he will be able to use discovery to learn the Defendant's name.

Malvick is advised that an amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received by **July 5, 2022**, the Court will screen it as required by 28 U.S.C. §1915A. If an amended

complaint is not received by the deadline, the Court will dismiss this case based on Malvick's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that on or before **July 5, 2022**, Malvick may file an amended complaint curing the defects in the original complaint as described in this decision. If the Court does not receive an amended complaint by the deadline, the Court will dismiss this action.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Malvick a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Malvick is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of

Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on June 7, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge